Marty Harper (AZ #003416)
Katherine V. Brown (AZ #026546)
**POLSINELLI SHUGHART PC**
Cityscape
One East Washington, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2047
Facsimile: (602) 264-7033
E-Mail: mharper@polsinelli.com
E-Mail: kvbrown@polsinelli.com
*Local Counsel*

David F. Adler (Ohio #0037622)
James R. Wooley (Ohio #0033850)
Louis A. Chaiten (Ohio #0072169)
Eric E. Murphy (Ohio #0083284)
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
*Of Counsel* (admitted pro hac vice)

*Attorneys for Defendants*
*Mayer Hoffman McCann P.C.,*
*CBIZ, Inc., and CBIZ MHM, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**THE DISTRICT OF ARIZONA**

ML LIQUIDATING TRUST, as successor-in-interest to Mortgages Ltd.,

Plaintiff,

v.

MAYER HOFFMAN MCCANN P.C., a Missouri professional corporation; CBIZ, Inc., a Delaware corporation; CBIZ MHM, LLC, an Ohio limited liability company,

Defendants.

Case No. CV 10-2019-PHX-RRB

**DEFENDANTS MAYER HOFFMAN MCCANN P.C., CBIZ, INC., AND CBIZ MHM, LLC'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

In its Reply in Support of Its Motion to Remand to State Court (Doc. 41 (hereinafter "Reply")), Plaintiff ML Liquidating Trust ("Trust") raises an entirely new diversity-jurisdiction argument in response to the Opposition of Mayer Hoffman McCann P.C., CBIZ, Inc., and CBIZ MHM, LLC (collectively "Defendants"). Probably because its original argument concerning *Defendants'* citizenship advocated for a test expressly overruled by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the Trust's Reply now makes an argument concerning *its* citizenship. Specifically, the Trust contends that the citizenship of a trust is not measured by the citizenship of its trustee, but rather by "the citizenship of *both* the trustee and beneficiaries." (Reply at 10.) The Trust makes this claim based on a decision from the Third Circuit, while relegating to a footnote the contrary holding of the Ninth Circuit and ignoring numerous decisions from courts within and outside the Ninth Circuit. The Trust's argument must fail.

**I. THE NINTH CIRCUIT, NUMEROUS DISTRICT COURTS WITHIN THE NINTH CIRCUIT, AND THE MAJORITY OF OTHER CIRCUIT COURTS ALL AGREE THAT A TRUST TAKES THE CITIZENSHIP OF ITS TRUSTEE ONLY.**

The Trust relies exclusively on out-of-circuit, non-binding precedent to support its position that the Court must look to trust beneficiaries to determine the trust's citizenship. (*Id.* at 9-11 (citing *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201 (3d Cir. 2007).) Its reason for doing so is obvious. The Ninth Circuit has unequivocally stated that "[a] trust has the citizenship of its trustee or trustees" for diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In *Johnson*, an LLC removed to federal court a suit by an Alaskan citizen. *Id.* at 896. To determine the LLC's citizenship for diversity purposes, the Court looked to all its members. One such member was a trust. Since the trust's "sole trustee [was] a bank incorporated in Delaware with its principal place of business in Minnesota," the Court found that diversity jurisdiction existed in the Alaskan citizen's suit. *Id.* at 899. Notably, because the court established the rule that a "trust has the citizenship of its trustee," *id.*, it made no reference to the citizenship of the trust's beneficiaries, as would

have been necessary if it thought that their citizenship controlled. *Id.* *Johnson*—a binding precedent—ends the matter.

Yet the Trust relegates *Johnson* to a footnote. The footnote leads with the bare assertion that, in *Johnson*, "citizenship of the trust . . . was not directly at issue." (Reply at 11 n.11.) It fails to explain why that is. Because a *trust*, not a *trustee*, was the member of the LLC defendant, the trust's citizenship controlled for whether diversity existed. If this Court were to agree with the Trust, then, it would establish the rule that a trust takes the citizenship only of the trustee for suits brought against an LLC in which the trust is a member, but that the trust's citizenship suddenly expands to include its beneficiaries if the suit is brought against the trust itself. But no reason exists (and the Trust has not offered any) for treating those situations differently.

The Trust's other attempt to distinguish *Johnson* is no attempt at all. It argues that *Johnson* was wrongly decided by criticizing *Johnson*'s citation of *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980). (Reply at 11 n.11 (citing *PDP La Mesa, LLC v. LaSalle Med. Office Fund II*, No. 10cv1536 DMS (RBB), 2010 WL 3988598 (S.D. Cal. Oct. 12, 2010)).) There is a reason the Trust musters only one case within the Ninth Circuit to support its view. Whether right or wrong, *Johnson* is a published Ninth Circuit decision that this Court must follow. That is evidenced by the many decisions in the Ninth Circuit that have felt compelled to follow it. As one court put it, "[i]n the Ninth Circuit, '[a] trust has the citizenship of its trustee or trustees.'" *Adare v. Genaxa Corp.*, No. 08-330-BLW, 2009 WL 482292, at *3 (D. Idaho Feb. 24, 2009) (quoting *Johnson*, 437 F.3d at 899); *see Boren Found. v. HHH Inv. Trust*, 295 F. App'x 151, 152 (9th Cir. 2008); *Evans & Vertin, LLC v. Canyon Holdings, LLC*, No. 10-123-M-DWM, 2011 WL 52421, at *1 (D. Mont. Jan. 5, 2011); *HSBC Bank USA, NA v. Valencia*, No. 09-CV-1260-OWW-JLT, 2010 WL 546721, at *5 n.2 (E.D. Cal. Feb. 10, 2010); *Evolution Capital Mgmt., LLC v. Mayus*, No. 06-00494 SOM-KSC, 2007 WL 1771581, at *2 (D. Haw. June 18, 2007).

In any event, *Johnson* established the correct rule. "[T]he reasoning of the majority of the Circuit Courts of Appeal" agrees with it. *Gen. Ret. Sys. of the City of Detroit v. UBS AG*, No. 10-CV-13920, 2010 WL 5296957, at *4 (E.D. Mich. Dec. 20, 2010). In fact, the Second, Fifth, Sixth, and Seventh Circuits have adopted the same position. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998) ("the Supreme Court has deemed the citizenship of the trustees to be determinative" for "trusts"); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 & n.6 (5th Cir. 2009) ("appropriate tests for citizenship" of trust "is that of its trustee"); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x. 731, 732 (6th Cir. 2002) ("[A] business trust has the citizenship of its trustees."); *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002) (holding that "for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of.") (Posner, J.); *Grede v. Bank of New York Mellon*, 598 F.3d 899, 901 (7th Cir. 2010) (Easterbrook, J.) (noting "that a trust's citizenship is that of the trustee, rather than the beneficiaries, for the purpose of 28 U.S.C. § 1332(a)").

Likewise, several district courts have recently held that the citizenship of a trust depends exclusively on the citizenship of its trustees. *See, e.g.*, *Gen. Ret. Sys.*, 2010 WL 5296957, at *4 (noting that "regardless of who the named plaintiff is, the trustee is the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and is therefore the real party to the action"); *Arthur L. Christoffersen Irrevocable Trust v. Yellow Book USA, Inc.*, No. 06-CV-79-LRR, 2006 WL 2925655, at *1 (N.D. Iowa Oct. 11, 2006) ("A trust has the citizenship of its trustee or trustees.") (internal quotation marks omitted); *Logan v. Hit or Miss, LLC*, No. 07-1116, 2009 WL 1035018, at *2 (W.D. La. Apr. 15, 2009) ("For diversity purposes, the citizenship of a trust is determined by the citizenship of each of its trustees.") (citing *Bass v. Int'l Broth. of Boilermakers*, 630 F.2d 1058, 1067 (5th Cir. 1980)).

This majority position makes sense because, among other reasons, the Supreme Court has frequently admonished that jurisdictional rules should be as simple as possible.

*Hertz*, 130 S. Ct. at 1193 ("Complex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims."). A test for citizenship that examines only the citizenship of the trustee is considerably simpler than one that looks to the beneficiaries. A trust may include hundreds or even thousands of beneficiaries; requiring the parties to track down the citizenship of these people will be a costly and time consuming endeavor. In addition, a rule that always hinges on the trustee's citizenship "discourag[es] forum shopping." *Gen. Ret. Sys.*, 2010 WL 5296957, at *4. Under the Trust's view, by contrast, "plaintiffs . . . can decide whether to sue in the name of the trust or the trustees" to obtain their favored forum. *Id.* at *4. Indeed, unlike this suit, the ML Liquidating Trust's trustee has brought numerous other federal suits on behalf of the Trust *in his own name* rather than the name of the Trust. *See, e.g.*, *O'Halloran v. Paletz* (*In re Mortgages Ltd.*), No. 2:10-ap-01094-RJH (D. Ariz. Bankr.) (attached as Ex. A). The Court, therefore, should reject the Trust's new argument.

**II. EQUITABLE REMAND IS NOT AVAILABLE WHEN DIVERSITY EXISTS.**

In addition to its new argument concerning its citizenship, the Trust cites a pair of new cases to support its claim that a federal court has the power to equitably remand suits over which diversity jurisdiction exists. (Reply at 7.) But the Trust mischaracterizes those two cases to make it appear as if courts have "exercise[d] their equitable remand powers . . . even . . . where an action is also removed on diversity or federal question grounds." (*Id.*) The cases actually illustrate that courts have *no* such power because the courts went out of their way to conclude that no federal jurisdiction existed *other than bankruptcy jurisdiction* before determining whether to equitably remand on the basis of their equitable-remand power.

The Trust first cites *Davis v. Life Investors Insurance Co. of America*, 282 B.R. 186, 194 (S.D. Miss. 2002). In *Davis*, the defendant removed on diversity and bankruptcy grounds. Diversity was based solely on the assertion that the

"resident/nondiverse defendants sued by plaintiff ... were fraudulently joined." *Id.* at 187. The court did *not* exercise its equitable-remand power despite the existence of diversity jurisdiction. Instead, before even reaching the question of bankruptcy jurisdiction, it determined that *no* diversity jurisdiction existed. *See id.* at 188 ("Regarding [the defendant's] charge of fraudulent joinder, . . . [the defendant] has not sustained its burden. . . . The question then is whether the court has 'related to' bankruptcy jurisdiction over this case, and if so, whether the case must or should nonetheless be remanded."). The Trust also cites *Vig v. Indianapolis Life Insurance Co.*, 336 B.R. 279 (S.D. Miss. 2005). In *Vig*, defendants removed on both federal question and bankruptcy grounds. *Id.* at 281. The defendants argued that "the court ha[d] federal question jurisdiction . . . because plaintiffs' claims [were] preempted by [ERISA]." *Id.* Just as in *Davis*, prior to addressing its equitable-remand power, the court concluded that "no reasonable argument exists that plaintiffs' claims are preempted" and therefore "removal is not proper on the basis of ERISA preemption." *Id.* at 283-84. As these cases show, the Trust's argument makes little sense. If Defendants removed this case solely on diversity grounds (as we could have), the Trust makes no claim that the Court would have an equitable-remand power. It fails to explain why such power should arise over diversity jurisdiction simply because a notice of removal adds a bankruptcy allegation.

## III. CONCLUSION

Because the Trust's trustee is not a citizen of Ohio, Delaware, Kansas, or Missouri, the Court must deny the Trust's Motion to Remand.

DATED: January 24, 2011

Respectfully submitted,

By: /s/ *Katherine V. Brown*

Marty Harper
Katherine V. Brown
Cityscape
One East Washington, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2047
Facsimile: (602) 264-7033
E-Mail: mharper@polsinelli.com
E-Mail: kvbrown@polsinelli.com
*Local Counsel*

David F. Adler (admitted pro hac vice)
James R. Wooley (admitted pro hac vice)
Louis A. Chaiten (admitted pro hac vice)
Eric E. Murphy (admitted pro hac vice)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
*Of Counsel (admitted pro hac vice)*

*Attorneys for Defendants*
*Mayer Hoffman McCann P.C., CBIZ, Inc., and CBIZ MHM, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2011, I electronically filed the foregoing Joint Motion to Dismiss Complaint with the Clerk of the Court using the CM-ECF system and served the following parties by U.S. mail:

Nicholas J. DiCarlo
Christopher A. Caserta
DICARLO CASERTA MCKEIGHAN &
PHELPS, PLC
6900 East Camelback Road, Suite 250
Scottsdale, AZ 85251
*Counsel for ML Liquidating Trust*

/s/ *Katherine V. Brown*